**Raul Figueroa POSADAS, aka Kenny W. Blouch, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 11–73698.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Aug. 3, 2015.

Rebecca A. McCarthy, Asser Law Group, P.C., Phoenix, AZ, for Petitioner.

Stefanie N. Hennes, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A201–157–085.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Raul Figueroa Posadas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

The record does not compel the conclusion that Posadas established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Thus, we deny Posadas' petition as to his asylum claim.

Substantial evidence supports the agency's finding that Posadas did not establish it is more likely than not he will be persecuted on account of a protected ground if returned to El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, we deny the petition as to Posadas' withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Posadas failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the Salvadoran government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008). Thus, we deny the petition as to Posadas' CAT claim.

Finally, in light of respondent's opposition, we deny Posadas' motion for an extension of time to notify the court of a possible procedural resolution.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.